IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEOFFREY WILLARD ATWELL,** | : | **CIVIL NO. 1:CV-06-1046** |
| **Plaintiff** | : | |
| **v.** | : | |
| **PAUL T. DEAN and**<br>**MICHAEL A. GEORGE,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the court is a complaint filed by Plaintiff against two defendants.  Defendant Dean was formerly an assistant district attorney of Adams County, Pennsylvania.  Defendant George was the district attorney of Adams County, Pennsylvania.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and alleges that Defendants falsely and maliciously caused him to be arrested and imprisoned.

In his complaint Plaintiff seeks to have Defendants prosecuted and to have an independent counsel appointed to investigate Defendants.  Plaintiff also seeks appointment of counsel for himself and requests leave to proceed *in forma pauperis*.

Plaintiff was formerly a prisoner.  At the time of the filing of the instant complaint, he was no longer a prisoner.  Plaintiff has filed an affidavit that qualifies

him to proceed *in forma pauperis*.  The court will therefore examine Plaintiff's
complaint under the provisions of 28 U.S.C. § 1915.[1]

Discussion

Under the provisions of § 1915 of the Prison Litigation Reform Act
("PLRA"), 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the
court determines that . . . (B) the action . . . (I) is frivolous . . . ."  28 U.S.C. §
1915(e)(2)(B)(I).  The dismissal requirement applies equally to cases that are
**factually** frivolous and those that are **legally** frivolous.  *Neitzke v. Williams*, 490
U.S. 319, 327-28 (1989).  An action is **legally** frivolous if it is based upon an
indisputably meritless legal theory.  *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir.
1989).  Indisputably meritless legal theories are those "in which it is . . . readily
apparent that the plaintiff's complaint lacks an arguable basis in the law . . . ."
*Romas v. Jeffes*, 904 F.2d 192, 194 (3d cir. 1990).  "[T]he frivolousness
determination is a discretionary one," and trial courts "are in the best position" to
determine when a complaint is appropriate for summary dismissal.  *Denton v.
Hernandez*, 504 U.S. 25, 33 (1992).

To state a viable § 1983 claim, Plaintiff must establish (1) that the
alleged wrongful conduct was committed by a person acting under color of state
law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity
secured by the Constitution or laws of the United States.  *Nicini v. Morra*, 212 F.3d

---

[1]Section 1915(a) has been applied to all persons applying for *in forma pauperis* status, and
not just to prisoners.  *See Martinez v. Kristie Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).
*see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Floyd v. United States Postal Service*, 105
F.3d 274, 275 (6th Cir. 1997); *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 action, and Plaintiff fails to satisfy the second.

As noted above, Plaintiff claims Defendants caused an unconstitutional conviction and imprisonment.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damage does not accrue

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, until the plaintiff proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87.

None of the above has occurred; thus, Plaintiff's complaint fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Furthermore, the relief Plaintiff seeks against these Defendants can not be given by this court. Plaintiff seeks injunctive relief in the form of the prosecution of Defendants under 18 U.S.C. § 241 and 242.  The United States Supreme Court has observed that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case."  *United States v. Nixon*, 418 U.S. 683, 693 (1974).

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff is granted leave to proceed *in forma pauperis*.

2) The complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3) Any appeal from this order will be deemed frivolous and not taken in good faith.

4) The Clerk of Court shall close the file.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  June 30, 2006.